**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-02807-MSK-CBS

FIDELITY NATIONAL TITLE COMPANY, a Colorado corporation;
TICOR TITLE OF COLORADO, INC., a Colorado corporation; and
AMERICAN HERITAGE TITLE AGENCY, INC., a Colorado corporation,
      Plaintiffs,
v.

FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation,
      Defendant.

---

### STIPULATED PROTECTIVE ORDER

---

      Plaintiffs Fidelity National Title Company, Ticor Title of Colorado, Inc., and American Heritage Title Agency, Inc. (collectively "Plaintiffs"), and Defendant First American Title Insurance Company ("First American"), (collectively with Plaintiffs, the "Parties" and individually the "Party") hereby stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of "Confidential" information and documents as set forth below:

### **INTRODUCTION**

      The claims in this case involve title insurance policies underwritten by First American. As a consequence, the disclosure and discovery processes will involve the exchange among the Parties of information that the law recognizes should be protected from public dissemination, including nonpublic personal information. The purpose of this Stipulation and proposed Protective Order ("Order") is to establish the procedures by which such information shall be defined, designated, exchanged, and otherwise protected from public disclosure.

## LEGAL STANDARD

A protective order is appropriate in this case to protect information likely to be exchanged between the Parties that the law recognizes warrants protection from public dissemination. Under the Gramm-Leach-Bliley Act, the Parties "ha[ve] an affirmative and continuing obligation to respect the privacy of [their] customers and to protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C. § 680l(a). Consequently, courts recognize the need to fashion protective orders which will protect nonpublic personal information. *See, e.g., Marks v. Global Mortgage Group, Inc.,* 218 F.R.D. 492, 497 (S.D. W.Va. 2003). The Court may enter this proposed Order on a "generalized as opposed to a document-by-document basis." *Gillard v. Boulder Valley Sch. Dist. Re.-2,* 196 F.R.D. 382, 386 (D. Colo. 2000).

## STIPULATION AND AGREEMENT

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that confidentiality is afforded only to material so entitled, the Parties, by and through their respective attorneys, hereby STIPULATE AND AGREE to the following Order:

1. Any information, document, or thing produced in connection with this litigation that is reasonably believed by any Party or third party to contain or constitute nonpublic personal information may be designated as "Confidential." As used herein, Confidential Information may include, but is not limited to: (a) all paper, tapes, documents (including answers to document requests, interrogatories, and requests for admission), disks, diskettes, and other tangible things produced by or obtained from any person in connection with this litigation; (b) transcripts of depositions herein and exhibits thereto; (c) all copies, extracts, and complete or partial summaries or charts or notes prepared or

derived from such papers, documents or things; (d) expert reports; and (e) electronically stored information, documents, and communications. Before designating any Confidential Information, the designating Party's counsel shall make a good faith determination that the information warrants protection. The handling, identification, and production of such Confidential Information shall be made in accordance with the terms of this Order.

2. The designation of Confidential Information may be made by marking or otherwise identifying the material in writing as "Confidential."

3. If a producing Party inadvertently fails to mark Confidential Information upon its production, such Party may subsequently designate such Confidential Information by giving written notice to the receiving Party and providing properly marked or designated copies within a reasonable period, but in no event less than 60 days prior to trial. Disclosure of the information or document by the other party prior to such later designation shall not be deemed a violation of the provisions of this Order. Deposition transcripts and exhibits thereto may be designated as Confidential Information on the record at the deposition and may also be designated as Confidential Information for a period of thirty (30) days (or such longer period if the Parties so agree) after receipt of the transcript from the court reporter. Until the expiration of the period set forth in the preceding sentence, and unless otherwise agreed to by the Parties, all deposition transcripts and exhibits shall be deemed Confidential Information until such time that the Party is required to make its confidentiality designations.

4. Any Party (the "Requesting Party") may at any time request in writing that any Confidential Information be released from the requirements of this Order, and, unless otherwise agreed in writing, the Party producing such material ("Producing Party") shall meet and confer with the Requesting Party within ten (10) days of receipt of a request. If an agreement cannot be reached by negotiation, the Requesting Party may file a motion seeking

to de-designate the document. In the event that such motion is made in accordance with the procedures herein and applicable rules of this Court, the terms of this Order shall continue to apply to such Confidential Information until the Court rules on the motion. In the event that Confidential Information must be submitted to the Court for review, the Confidential Information shall be submitted with a request to file the Confidential Information under seal. The above procedure shall not preclude application to the Court on a more expedited basis as circumstances warrant.

5. All Confidential Information received from any Producing Party shall be used solely in connection with, and only as necessary to, this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose, including without limitation any other litigation or any business, competitive, or governmental purpose or function. To that end, the Parties shall not distribute or disclose any Confidential Information received in this litigation to any third party (or any of the Parties' agents, consultants, officers, directors, employees, or representatives except on a need to know basis and pursuant to such agent, consultant, employee, officer, director, or representative's obligation to maintain the confidentiality of such document or information).

6. Confidential Information and information derived from Confidential Information, including without limitation any testimony about an exhibit designated as Confidential Information, shall not be disclosed except as set forth in paragraph 7.

7. Confidential Information may only be disclosed to the following persons:

   a. Outside counsel of record for any Party to this action;

   b. Paralegal, stenographic, clerical and secretarial personnel employed by counsel listed in (a) (including but not limited to photocopy service personnel and document management vendors, such as coders and data-entry personnel, retained

4

    by outside counsel);

c. In-house counsel employed by and/or outside counsel engaged by a Party and/or the parent company of a Party to this action (including their attorneys and staff whose functions require access to such information), business persons employed by a Party and/or the parent company of a Party to this action whose functions require that they have access to Confidential Information in connection with the prosecution, defense, and/or settlement of this action, and persons employed by an insurer of a Party to this action whose functions require that they have access to Confidential Information in connection with the prosecution or defense of this action;

d. Court personnel including stenographic, video or audio reporters engaged to record depositions in this litigation, and certified interpreters and/or translators;

e. Non-party expert(s) or consultant(s) and their secretarial, technical and clerical employees (including but not limited to photocopy service personnel and document management vendors, such as coders and data-entry personnel, retained by outside counsel) who actively assist in the preparation of this action;

f. Any person identified on the face of any such Confidential Information as an author or as recipient thereof;

    g. Any person who is determined to have been an author and/or previous recipient of the Confidential Information, but are not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Confidential Information by such person prior to such person being shown any Confidential Information;

    h. Any non-party engaged by the Parties or appointed by the Court for purposes of

     acting as a Discovery Referee, Special Master, and/or neutral arbitrator or mediator in any alternative dispute resolution procedures in which the Parties may participate; and

   i. Any person as ordered by the Court.

8. Those individuals set forth in Sections 7.e. above who are provided Confidential Information shall, prior to the time he or she receives access to such materials, be provided by counsel furnishing such material a copy of this Order and agree to be bound by its terms, and shall certify that he or she has carefully read the Order and fully understands its terms, by signing the certificate attached as Exhibit A. Counsel making disclosure to any person as described hereinabove shall retain the original executed copy of said certificate and provide said certificate to counsel for the Producing Party, upon good cause shown or agreement of the Parties.

9. The restrictions on the use of Confidential Information established pursuant to this Order do not apply to the use by a Party, person, or entity of the Confidential Information it produces.

10. The provisions of this Order are without prejudice to the right of any Party to this Order to:

   a. Resist or compel discovery with respect to, or seek to obtain additional or different protection for, material claimed to be protected work product or privileged under Colorado or federal law, material as to which the Producing Party claims a legal obligation not to disclose, or material not required to be provided pursuant to Colorado or federal law;

   b. Seek to modify or obtain relief from any aspect of this Order; or

   c. Object to the use, relevance or admissibility at trial or otherwise of any

material whether or not designated in whole or in part as Confidential Information governed by this Order. This Order shall not govern the use or admissibility of any evidence at trial or the procedures for using such documents or information at trial.

11. Confidential Information may be referred to in discovery requests, discovery responses, motions, briefs, or other papers filed with the Court and may be used in depositions and oral arguments in this action, either as exhibits or as the basis for questions. Confidential Information and pleadings, briefs, or other papers quoting or discussing Confidential Information may be filed under the seal of the Court upon proper motion and order. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2. The Parties agree to cooperate to de-designate or redact Confidential Information to be filed in Court filings to the largest extent possible so as to minimize the necessity to file information under seal.

12. If Confidential Information is disclosed at a deposition, only the stenographic, video or audio reporter and those persons who are authorized by the terms of this Order to receive such material may be present. However, in the event a witness is deposed that is not otherwise entitled to receive Confidential Information, the witness may be shown or asked about Confidential Information after the witness is provided a copy of this Order and signs the acknowledgement in Exhibit A. The witness shall not be entitled to retain a copy of any document containing Confidential Information. The portions of the transcripts of all testimony designated as Confidential Information shall be labeled with the appropriate designation by the reporter. If any document or information designated as Confidential or pursuant to this Order is used during the course of a deposition herein, that portion of the deposition record reflecting such material shall be labeled with the

appropriate designation.

13.  The inadvertent disclosure or production of any information or document that is subject to the attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential Information under this Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine. Upon receiving a written request from the producing party to return the document and a privilege log that sets forth the basis of the claim of privilege or work-product protection, the receiving party shall return the information or documents to the producing party within five (5) business days. Nothing in this Order shall prevent any party from contesting a claim of privilege or work-product protection with the Court after conferral with the opposing party.

14.  In the event of a hearing or trial in this matter at which any Party intends to present Confidential Information or materials designated hereunder to the Court or a jury, counsel for the Parties will meet and confer to determine what safeguards, if any, may benecessary to protect against the disclosure of the designated information or materials, and shall attempt to determine the least intrusive and burdensome means of protecting such materials during the proceeding. Counsel for the Parties shall confer on appropriate procedures for protecting the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

15.  Within ninety (90) calendar days after the conclusion of the trial and of any appeals, or upon other termination of this litigation, all Confidential Information received under the provisions of this Order, shall be tendered back to the Producing Party, or, at the

direction of the Producing Party, destroyed except to the extent that any of the foregoing includes or reflects work product of the receiving Party (which work product may be maintained by outside counsel for the Parties, but not by the Parties themselves), and except to the extent that such material has been filed with a court in which proceedings related to this action are being conducted, provided such information is stored in a manner so as to preserve its confidentiality.

16. If at any time any Confidential Information protected by this Order or information produced in this litigation is subpoenaed from the receiving Party by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to the Producing Party with respect to such information and shall afford the Producing Party reasonable opportunity to pursue formal objections to such disclosures.

17. This Order does not govern the production of proprietary, competitively sensitive, or trade secret information or documents, except as expressly set forth herein. If any Party seeks discovery or disclosure of proprietary, competitively sensitive, or trade secret information or documents that any Party believes require additional protection beyond that provided in this Order, the Responding Party shall, following consultation with the Requesting Party, file another proposed Protective Order that would govern the production of such information or, if agreement cannot be reached, promptly file a Motion for Protective Order concerning the proposed discovery. Absent entry of an additional Protective Order, the terms of this Protective Order will apply to proprietary, competitively sensitive, or trade secret information or documents that are requested in the parties' discovery requests. Nothing in this Paragraph shall constitute an admission regarding the

discoverability, relevance, or admissibility of proprietary, confidential, competitively sensitive, or trade secret information. Nothing in this Protective Order shall forgive any Party's obligation to disclose or produce any proprietary, competitively sensitive, or trade secret information or documents that are otherwise required to be disclosed or produced.

18. The terms of this Order shall be effective and enforceable as between the Parties immediately upon its execution by counsel for such Parties.

19. All persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

The foregoing STIPULATED PROTECTIVE ORDER is hereby ADOPTED and ENTERED as an ORDER of the Court this 7th day of March, 2014.

                                              s/Craig B. Shaffer
                                          United States Magistrate Judge

SO STIPULATED:

| *S/ Adam P. O'Brien* | *S/ Echo D. Ryan* |
|---|---|
| Mary A. Wells, Esq. | Frederick B. Skillern, Esq. |
| Adam P. O'Brien, Esq. | Echo D. Ryan, Esq. |
| Wells, Anderson & Race, LLC | Montgomery Little & Soran, PC |
| 1700 Broadway, Suite 1020 | 5445 DTC Parkway, Suite 800 |
| Denver, CO 80290 | Greenwood Village, CO 80111 |
| Telephone: (303) 830-1212 | Telephone: (303)773-8100 |
| E-mail: mwells@warllc.com | E-mail: fskillern@montgomerylittle.com |
|       aobrien@warllc.com |       eryan@montgomerylittle.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

**Ex. A to Stipulated Protective Order**

---

**A C K N O W L E D G E M E N T**

I, _____ (printed name), acknowledge that I have read the foregoing Protective Order in *Fidelity National Title Co., et al. v. First American Title Insurance Company*, 13-cv-02807-MSK-CBS, and agree to be bound by its provisions as stated.

Date: _____                    _____(signature)

---